

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2005

# Hollister v. US Postal Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3083

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hollister v. US Postal Ser" (2005). *2005 Decisions.* Paper 785.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/785

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3083
_____

JOHN S. HOLLISTER,
Appellant

v.

UNITED STATES POSTAL SERVICE

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-02281)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2005

BEFORE: RENDELL, AMBRO and FUENTES, <u>CIRCUIT JUDGES</u>

(Filed: July 25, 2005)

_____

OPINION
_____

PER CURIAM

    In December 2003, John S. Hollister, a licensed Pennsylvania attorney, filed a

complaint against the United States Postal Service ("USPS") concerning the alleged loss

of $2000 in United States currency, which Hollister had mailed to France via Global Express Mail. The USPS moved to dismiss the complaint. Hollister responded by filing a brief in opposition to the motion to dismiss and an amended complaint. The USPS then moved to dismiss the amended complaint. Hollister failed to file any response to the USPS's motion to dismiss his amended complaint. Several weeks after Hollister's response was due, the District Court granted the USPS's motion to dismiss as unopposed pursuant to Middle District of Pennsylvania Local Rule 7.6. Hollister timely appeals.[1]

We will affirm. The District Court did not abuse its discretion treating the USPS's motion to dismiss as unopposed. Hollister, although acting pro se in the District Court, is a licensed attorney who failed to file a brief in opposition to the USPS's motion to dismiss his amended complaint as required by Local Rule 7.6. Under the particular circumstances of this case, Hollister's failure to file a responsive brief indicated that the USPS's motion to dismiss was unopposed. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1992) (explaining that if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis).

On appeal, Hollister claims that because the brief he filed in response to the USPS's first motion to dismiss was not specifically dismissed as moot, and because he

---

[1] We note that Hollister filed an untimely motion for reconsideration in the District Court. The District Court was not required to address the motion because it was untimely and thus "void and of no effect." Amatangelo v. Borough of Donora, 212 F.3d 776, 780 (3d Cir. 2000).

had clearly opposed in that brief all elements of the USPS's second motion to dismiss, he did, in fact, oppose the second motion to dismiss. Hollister also claims that he informed counsel for the USPS that he did not intend to file another brief. Hollister, however, never informed the District Court that he intended to rely on his first opposition brief. Because Hollister failed to respond in any way to the USPS's second motion to dismiss, the District Court did not err in treating the USPS's motion to dismiss as unopposed.

In any event, we can also affirm the District Court's order on the basis that Hollister's claims lack merit. See Stackhouse, 951 F.2d at 30. We are not persuaded by Hollister's argument that his claims relate to "contractual indemnity" and are thus not barred by 28 U.S.C. § 2680(b). Moreover, by simply reading the Express Mail Label that he used, Hollister would have learned that "[i]ndemnity is not paid for items containing coins, banknotes, currency notes (paper money)."[2]

Hollister's equitable estoppel argument fails as a matter of law because he did not establish any affirmative misconduct on the part of the USPS. See Dipeppe v. Quarantillo, 337 F.3d 326, 335 (3d Cir. 2003). His bad faith claim under 42 Pa. Cons. Stat. Ann. § 8371 fails as a matter of law because the USPS's insurance policy unambiguously shows that indemnity is not paid for lost currency. See Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 745 n.1 (3d Cir. 1999). Finally,

---

[2]Parenthetically, an argument also exists that the District Court lacked subject matter jurisdiction over Hollister's claims relating to the lost currency because the USPS has not waived its sovereign immunity with respect to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." See 28 U.S.C. § 2680(b).

because Hollister is not a "prevailing party," he is not eligible for attorney's fees under the Equal Access to Justice Act. 28 U.S.C. § 2412(d)(1).

For the foregoing reasons, we will affirm the judgment of the District Court.