SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD R. COOCH
*RESIDENT JUDGE*

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0664

Timothy A. Dillon, Esquire
McCann & Wall LLC
300 Delaware Avenue, Suite 805
Wilmington, Delaware 19801
Attorney for Plaintiffs Edward Dunfee and Rosemary Donohue

Gary S. Nitsche, Esquire
Weik, Nitsche & Dougherty
305 North Union Street
Wilmington, Delaware 19805
Attorney for Plaintiffs Samantha Dunfee and Christina Dunfee

Mary E. Sherlock, Esquire
Weber Gallagher Simpson Stapleton Fires & Newby LLP
19 South State Street, Suite 100
Dover, Delaware 19901
Attorney for Defendants

**Re:** **Edward Dunfee and Rosemary Donohue v. KGL Holdings Riverfront, LLC d/b/a/ Evergreen Apartments at Riverfront Heights, a Delaware Limited Liability Company, Evergreen Properties Management, Inc., a Delaware Corporation, and Evergreen Apartment Group, Inc., a Delaware Corporation**
**C.A. No. N16C-06-019 RRC**

Submitted: August 30, 2016
Decided: November 23, 2016

On Defendants' Motion to Dismiss Plaintiffs' Complaint. **GRANTED.**

On Plaintiffs' Motion to Consolidate. **DENIED AS MOOT.**

1

Dear Counsel:

Defendants move to dismiss Plaintiffs' Complaint against them. In Plaintiffs' Complaint, Plaintiffs allege that Defendants negligently caused the death of Edward Dunfee's brother and Rosemary Donohue's son, Carl Dunfee. In considering Defendants' Motion to Dismiss, the Court is called upon to determine two issues of law. First, the Court must determine whether a parent and sibling are excluded from recovery for mental anguish in a wrongful death action under 10 *Del. C.* § 3724(d)(5) when the decedent's children are living. Second, the Court must determine whether § 3724(d)(5) requires a factual investigation to determine whether the decedent stood *in loco parentis* to his adult daughters who have brought a separate wrongful death and survival action. The two issues are of apparent first impression before this Court.

The Court finds that, under the wrongful death statute, when a decedent's children exist, parents and siblings do not have standing to pursue a wrongful death claim under § 3724(d)(5). Additionally, in accordance with the Court's interpretation of § 3724(d)(5), no factual inquiry is necessary to determine whether the decedent stood *in loco parentis* to his adult daughters. Accordingly, Defendants' Motion to Dismiss is **GRANTED.**

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs allege that on March 25, 2016, their brother and son Carl Dunfee ("Decedent"), age 60, died as a result of exposure to carbon monoxide gas that was released when a pipe burst in the boiler room of the Evergreen Apartments at Riverfront Heights in New Castle County. Plaintiffs allege that Defendants negligently maintained the pipe in the boiler room, and that Defendants' negligence caused the death of Decedent.

On April 14, 2016, Decedent's adult daughters, Samantha and Christina Dunfee, filed suit.[1] As co-administratrices of Decedent's estate, Samantha and Christina filed both a survival claim pursuant to 10 *Del. C.* §§ 3701,[2] and, as the

---

[1] *Samantha A. Dunfee et al. v. KGL Holdings Riverfront, LLC et al.,* C.A. No. N16C-04-108 RRC, Compl. (Del. Super. Apr. 14, 2016).

[2] Compl. ¶ 18, *Samantha A. Dunfee et al. v. KGL Holdings Riverfront, LLC et al.,* C.A. No. N16C-04-108 RRC (Del. Super. Apr. 14, 2016).

children of Decedent, filed a wrongful death claim against Defendants pursuant to 10 *Del. C.* § 3724.[3]

Then, on June 2, 2016, the instant Plaintiffs filed a complaint against the Defendants, alleging *inter alia*:

> 8. On or about March 25, 2016, Carl Timothy Dunfee and his girlfriend were visiting and spending the night with another friend, Andrew Spanakos, at Building G, Apartment 10 at the EVERGREEN APARTMENTS at RIVERFRONT HEIGHTS. Defendants owned and managed this apartment complex. Carl Timothy Dunfee was the beloved son of Plaintiff ROSEMARY DONOHUE and the best friend and brother of Plaintiff EDWARD DUNFEE.
>
> 9. While visiting and spending the night at his friend's apartment, Carl Timothy Dunfee was exposed to lethal amounts of carbon monoxide gas which poisoned him and caused him to suffer conscious pain and suffering and fear. The exposure to this carbon monoxide gas at such high levels directly caused the tragic death of Carl Timothy Dunfee.
>
> 10. Carl Timothy Dunfee's death was a direct result of Defendants' recklessly and carelessly failing to properly inspect, maintain and fix the boiler system and gas pipes in Building G of the EVERGREEN APARTMENTS at RIVERFRONT HEIGHTS.
>
> 11. As a result of Defendants' reckless and careless failure to properly inspect, maintain and fix the boiler system and gas pipes in Building G of the EVERGREEN APARTMENTS at RIVERFRONT HEIGHTS, these pipes and the boiler system were in a degraded, corroded and non-working state which directly led to the discharge of poisonous carbon monoxide gas and other toxic substances/gasses, into the apartment where Carl Timothy Dunfee and his friends were staying. This then directly led to the tragic deaths of Carl Timothy Dunfee, his girlfriend, his friend and

---

[3] Although Samantha and Christina do not specifically cite § 3724 in their complaint, the complaint specifically states: "Plaintiffs have suffered or will suffer damages which include, but not limited to, damages under Delaware law for a *survival action* and for *wrongful death action* pursuant to 10 Del. C. §3704." Compl. ¶ 17, *Samantha A. Dunfee et al. v. KGL Holdings Riverfront, LLC*, C.A. No. N16C-04-108 RRC (Del. Super. Apr. 14, 2016) (emphasis added). Accordingly, it appears that Samantha and Christine Dunfee are pursuing claims under both § 3701 and § 3724.

another complex resident who lived below the apartment where Carl Timothy Dunfee was staying.

## NEGLIGENCE

12. Defendants were negligent in that they:

(a) Failed to properly and reasonably train and supervise their employees;

(b) Failed to properly supervise and manage their own workers and/or third party vendors who they hired to work on and maintain the boiler and piping systems of Building G.

(c) Failed to properly and reasonably warn the residents, occupants and visitors of Building G.

(d) Violated Property Maintenance Code for New Castle County, Sec. 603.1, in that Defendants did not keep all mechanical appliances, boilers and piping systems in working order.

(e) Violated New Castle County, Sec. 603.4, in that Defendants failed to maintain proper safety controls for all mechanical appliances, boilers and piping systems at their apartment complex.

(f) Violated New Castle County, Sec. 603.5, in not having a proper ventilation system so that carbon monoxide and other toxic gasses and substances would not poison or kill apartment residents, visitors and invitees.

(g) Failed to properly and reasonably inspect the boiler system and piping systems to determine potential hazards to residents, visitors and invitees to the apartment complex.

(h) Failed to provide and utilize carbon monoxide detectors or a detection system to prevent carbon monoxide poisoning of residents, occupants and visitors.

(i) Failed to properly and timely complete maintenance of the apartment complex and the boiler and pipe systems of Building G.

(j) Failed to properly and timely fix all issues identified with the boiler and piping system of Building G so that poisonous gasses from the boiler system did not cause injury or kill residents, visitors and invitees.

## RESPONDEAT SUPERIOR

14. Each of the aforementioned acts of negligence and recklessness of the Defendants, their agents, hired 3rd party contractors or employees, are attributable to the Defendants by reason of the doctrine of Respondeat Superior.

4

## WILLFULL AND WANTON MISCONDUCT

15. The Defendants actions were reckless and amounted to willful and wanton misconduct in that such actions completely ignored the safety, health and welfare of all apartment residents, visitors and invitees. As such, Plaintiffs are entitled to punitive damages.

16. As a proximate result of the negligent, reckless, careless and willfully wanton actions of the Defendants, the Plaintiffs have suffered and will continue to suffer:

(a) The wrongful death of Carl Timothy Dunfee;
(b) Extreme sorrow for the loss of a son and brother;
(c) Conscious pain and suffering;
(d) Fear of impending death;
(e) Emotional, mental pain and anguish;
(f) Loss of enjoyment of life;
(g) Reasonable funeral expenses;
(h) Loss of contribution of support;
(i) Loss of household services;
(j) Loss of the expectation of pecuniary benefits;
(k) Loss of companionship for the Decedent's brother,
(l) Loss of companionship for the Decedent's mother,
(m) Edward Dunfee and mother Rosemary Donohue, must suffer and live the rest of their lives without their beloved brother and son who they either talked to, or spent time with, every day.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, for conscious pain and suffering, mental and emotional anguish, fear of impending death, loss of enjoyment of life, mental and physical pain, wrongful death, loss of expectation of pecuniary benefits, loss of contribution of support, funeral expenses, loss of companionship, punitive damages, interest and Court costs.[4]

On June 30, Defendants filed this motion to dismiss. At oral argument, Plaintiffs made a series of concessions. First, Plaintiffs conceded that they are not pursuing a survival action under § 3701. In doing so, Plaintiffs counsel stated: "We filed this as a wrongful-death complaint, not as a survival action; we are not members of the estate, we do not act on behalf of the estate. . . ."[5] Second,

---

[4] Pl.'s Compl. ¶¶ 8-16.

[5] *Dunfee et al. v. KGL Holdings Riverfront, LLC, et al.*, C.A. No. N16C-06-019 RRC, at 31 (Del. Super. Aug. 30, 2016) (TRANSCRIPT) [hereinafter Oral Arg. Tr.].

Plaintiffs acknowledged that they are not pursuing damages under § 3724(d)(3-4).[6] Finally, Plaintiffs advised that they had no arguable position for punitive damages and abandoned that claim.[7] Accordingly, as Plaintiffs stated at oral argument, the only claims for wrongful death damages they continue to pursue are:

(a) The wrongful death of Carl Timothy Dunfee;
(b) Extreme sorrow for the loss of a sun and brother;

. . .

(e) Emotional, mental pain and anguish;

. . .

(h) Loss of contribution of support;
(i) Loss of household services;
(j) Loss of the expectation of pecuniary benefits;
(k) Loss of companionship for the Decedent's brother,
(l) Loss of companionship for the Decedent's mother,
(m) Edward Dunfee and mother Rosemary Donohue, must suffer and live the rest of their lives without their beloved brother and son who they either talked to, or spent time with, every day.[8]

## II. PARTIES' CONTENTIONS

### A. *Defendants' Contentions*[9]

Defendants contend that Plaintiffs' action against them must be dismissed.[10] First, Defendants contend that Plaintiffs' wrongful death claim, in which they

---

[6] Oral Arg. Tr. at 38. Section 3724(d)(3) provides recoverable damages for "Loss of parental, marital and household services, including the reasonable cost of providing for the care of minor children." Plaintiffs acknowledged at oral argument that there is no basis for recovery under this subparagraph. Section 3724(d)(4) provides recoverable damages for "Reasonable funeral expenses not to exceed $7,000 or the amount designated in § 5546(a) of Title 29, whichever is greater." At oral argument, counsel for Samantha and Christina Dunfee represented to the Court that the funeral expenses would be paid for by Decedent's estate. Oral Arg. Tr. at 36. Plaintiffs' counsel accepted this representation and abandoned any claim for funeral expenses. Oral Arg. Tr. at 38.

[7] Oral Arg. Tr. at 30.

[8] Compl. ¶ 16.

[9] Samantha and Christina Dunfee wrote the court a letter dated August 22, 2016, advising that they joined in Defendants' Motion to Dismiss the Complaint. Letter from Gary S. Nitsche, Esq., Counsel for Plaintiffs, Docket No. 59454235, *Samantha A. Dunfee et al. v. KGL Holdings Riverfront, LLC et al.*, C.A. No. N16C-04-108 RRC (Del. Super. Aug. 22, 2016).

6

allege that they suffered mental anguish as a result of Decedent's death, must be dismissed on grounds that Plaintiffs do not have standing to make such a claim under § 3724(d)(5). Second, Defendants contend that Plaintiffs have not sufficiently pleaded a legal basis under § 3724(d)(1-4) to recover the itemized damages set forth therein. In the alternative, Defendants concede that should this Court deny their Motion to Dismiss, this action should be consolidated with the action brought by Samantha and Christina.

## B. *Plaintiffs' Contentions*

In light of Plaintiffs' concessions at oral argument, Plaintiffs make two contentions in response to Defendants' motion that the Court will consider. First, Plaintiffs contend that the phrase "children and persons to whom the decedent stood in *loco parentis* at the time of the injury which caused the death of the deceased" requires the decedent to stand in *loco parentis* to his adult children (who have brought the separate action) in order to bar Plaintiffs' recovery. Second, Plaintiffs contend that in order for Decedent's daughters to recover under § 3724(d)(5), thereby barring Plaintiffs' claims, a factual inquiry is required to determine whether Decedent stood in *loco parentis* to his adult daughters, and that discovery is required to determine whether Plaintiffs have a viable claim under § 3724(d)(1-2).[11] Finally, Plaintiffs contend that rather than dismiss their Complaint, the Court should consolidate their action with Samantha and Christina Dunfee's action.

---

[10] Defendants originally contended, and Plaintiffs then conceded, that Plaintiffs' claims pertain to a survival action, and that a survival action may be brought only by the estate of the decedent under 10 *Del. C.* § 3701. Plaintiffs also withdrew any claim for punitive damages as part of their wrongful death claim.

[11] This response to Defendant's contention was presented for the first time to the Court at oral argument on the motion. Plaintiffs did not make such an argument in their Response to Defendants' Motion to Dismiss.

# III. DISCUSSION

## A. *Standard of Review*

When deciding a motion to dismiss, the Court accepts as true all well-pleaded factual allegations made in the complaint.[12] "Dismissal under Superior Court Rule 12(b)(6) is appropriate only where it appears with reasonable certainty that [the plaintiff] would be unable to prevail on any set of facts inferable from the complaint."[13] Where allegations are merely conclusory, however, (*i.e.*, without specific allegations of fact to support them) they may be deemed insufficient to withstand a motion to dismiss.[14]

## B. *The Existence of Decedent's Adult Daughters Bars Plaintiffs' Claim for Damages Resulting from Mental Anguish Under § 3724*

When interpreting the language of a statute, Delaware law requires that "[i]n the absence of any ambiguity, a court must be guided by the plain meaning of the statutory language."[15] Section 3724(d)(5) provides:

> (d) In fixing the amount of damages to be awarded under this subchapter, the court or jury shall consider all the facts and circumstances and from them fix the award at such sum as will fairly compensate for the injury resulting from the death. In determining the amount of the award the court or jury may consider the following:
>
> . . .
>
> > (5) Mental anguish resulting from such death to the surviving spouse and next-of-kin of such deceased person. However, when mental anguish is claimed as a measure of damages under this subchapter, such claim for mental anguish will be applicable only to the surviving spouse, children and persons to whom the deceased stood in *loco parentis* at the time of the injury which caused the death of the deceased, parents and persons standing in *loco parentis* to the deceased at the time of the injury which caused the death of the deceased (if there is no surviving spouse, children or persons to whom the deceased

---

[12] *Johnson v. Taylor*, 2007 WL 2083634, at *1 (Del. Super. July 19, 2007).

[13] *Lord v. Souder*, 748 A.2d 393, 398 (Del. 2000).

[14] *Id.*

[15] *Priest v. State*, 879 A.2d 575, 584 (Del. 2005).

8

stood in *loco parentis*), and siblings (if there is no surviving spouse, children, persons to whom the deceased stood in *loco parentis* at the time of the injury, parents or persons standing in *loco parentis* to the deceased at the time of the injury which caused the death of the deceased).[16]

In interpreting a statute, the United States Supreme Court has applied the "last antecedent rule," which instructs that "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows."[17] Although the last antecedent rule "is not an absolute and can assuredly be overcome by other indicia of meaning," it is still applicable in the case at bar.[18] Delaware also recognizes this rule as a means of statutory construction if the application of the rule "does not alter the plain common sense meaning of the statute or result in statutory inconsistencies."[19]

Applying the plain meaning of the statutory language in conjunction with the last antecedent rule, it is apparent that the adjectival phrase starting "to whom the deceased stood in *loco parentis*" applies only to the noun "persons," and not to the noun "children." The General Assembly intended for the decedent's spouse, children, and other individuals to whom the decedent acted as a parent (*e.g.*, foster children) to have the exclusive right to recover damages for mental anguish if they exist.[20] It is only in the absence of those people when a parent or person who stood in *loco parentis* to the decedent can recover for mental anguish. Further, a sibling can only recover for their mental anguish when none of the previously identified people exist.

This interpretation was applied by the United States District Court for the District of Delaware in *Casero v. Lambert*.[21] In *Casero*, the decedent's parents and sister brought a claim for mental anguish resulting from the death of the decedent.[22] However, as here, the District Court found that because the decedent had a living spouse, the parents and sister were barred from making a claim for

---

[16] 10 *Del. C.* § 3724(d)(5).
[17] *United States v. Hayes*, 555 U.S. 415, 425 (2009).
[18] *Id.* at 416.
[19] *Matter of Surcharge Classification 0133 By Delaware Compensation Rating Bureau, Inc.*, 655 A.2d 295, 303 n.9 (Del. Super. 1994).
[20] H.R. 15, 140th Gen. Assem. (Del. 1999).
[21] 2005 WL 735552 (D. Del. Mar. 30, 2005).
[22] *Id.* at *1.

mental anguish under § 3724(d)(5).[23]  Accordingly, in light of the statutory language and the interpretation of it by the District Court in *Casero*, a spouse, children, and persons to whom the decedent stood in *loco parentis* have the exclusive right to recover damages for their mental anguish if such persons exist.[24]

---

[23] *Id.* at *3-4.

[24] In a case where a statute was found ambiguous, the Delaware Supreme Court held:

> A synopsis is a proper source for ascertaining legislative intent. But, as with other sources of the legislative history, the Court may only look to the synopsis if the Court finds that the statutory language is ambiguous and requires interpretation. It is well established that "[a] statutory synopsis cannot change the meaning of an unambiguous statute."

*Bd. of Adjustment v. Verleysen*, 36 A.3d 326, 332 (Del. 2012). This Court finds no ambiguity in the statute. But assuming *arguendo* that there is some ambiguity in § 3724(d)(5), the General Assembly's intent behind the 1999 amendment to the wrongful death statute also supports the Court's interpretation. The amendment added siblings to the list of individuals who may recover damages for mental anguish. The 1999 amendment to this bill was enacted in light of the murder of Anne Marie Fahey, who had "no spouse, parents, or children when she died, only brothers and a sister. Thus, [under the previous version of § 3724,] they are barred from suing the responsible party for their mental anguish." H.R. 15, 140th Gen. Assem. (Del. 1999) (Synopsis). Further, the Synopsis provides:

> Under Delaware's current wrongful death statute, only the surviving spouse, children and parents (if there is no surviving spouse or children) may bring a civil action for their mental anguish due to the death of their loved one. This bill would correct an unintended consequence of the 1982 law, which leaves the family of an unmarried, childless victim whose parents are deceased no remedy for their suffering damages.

H.R. 15, 140th Gen. Assem. (Del. 1999). The General Assembly's evident intent behind the amendment is supportive of this Court's interpretation of the statute, as it conveys the General Assembly's desire that parents and siblings only recover if no child or spouse exists.

Moreover, it would be illogical to require that a decedent stand in *loco parentis* to his own children, as Plaintiffs contend the statute mandates. The term "in *loco parentis*" means that a person "puts himself in the situation of a lawful parent by assuming obligations incident to the parental relation without going through the formalities necessary to a legal adoption." *Lisowski v. Bayhealth Medical Center, Inc.*, 142 A.3d 518, 524 (Del. Super. 2016) (citing *Trievel v. Sabo*, 1996 WL 944981, at *6 (Del. Super. Mar. 13, 2016)); *see also Chambers v. Chambers*, 2002 WL 1940145, at *2 n.3 (Del. Fam. Feb. 5, 2002) (discussing that "parent" can be defined as "a person standing in loco parentis although not a natural parent," supporting the position that a person standing in *loco parentis* is not the natural parent of the child). For example, an adult who has custody of a foster child can stand in *loco parentis* to the child, as the adult is not the child's biological or adoptive parent, but the adult still acts as a *de facto* parent to the child. Accordingly, the biological or adoptive parent of another could not "place himself in the situation of a lawful parent . . . without going through the formalities necessary to a legal

In the case at bar, Samantha and Christina Dunfee are Decedent's children. Under the interpretation of § 3724(d)(5) set forth above, their existence as Decedent's children bars Plaintiffs' recovery as the sibling and mother of Decedent. Similar to *Casero*, in which the decedent had a living spouse at the time of her death, Decedent in the case at bar has two living children who could make a claim for mental anguish. The exclusive right to recover damages for mental anguish in this case therefore lies with Decedent's children, Samantha and Christina Dunfee. Accordingly, Defendants' Motion to Dismiss Plaintiffs' complaint with respect to the claim for damages for mental anguish must be granted.[25] In light of this finding, Plaintiffs' contention that a factual inquiry is needed to determine whether Decedent stood in *loco parentis* to his adult daughters is without merit.

---

adoption," as a person is already the lawful parent of his or her own biological or adoptive children.

[25] This finding dismisses Plaintiffs' claims for damages in subsections (a), (b), (e), (l), and (m) of Paragraph 18 of their Complaint.

Plaintiffs' remaining claims must also be dismissed. The Court first heard Plaintiffs' opposition to Defendants' Motion to Dismiss regarding the damages under § 3724(d)(1-2) at oral argument on the motion. No responsive argument was made in Plaintiffs' Response. Courts have previously dismissed complaints when a plaintiff fails to respond to a motion to dismiss. In *Boulden v. Albiorix, Inc.*, a plaintiff did not respond directly to an argument posed in the defendant's motion to dismiss. *Boulden v. Albiorix, Inc.*, 2013 WL 396254, at *5 (Del. Ch. Jan. 31, 2013). In light of the lack of response, the Delaware Court of Chancery found that "it appears as if he has conceded that argument." *Id.* In *Hollister v. United States Postal Service*, the Third Circuit held that a plaintiff's failure to respond to the defendant's motion to dismiss indicates that the motion was unopposed. 142 Fed.Appx. 576, 578 (3d Cir. 2005). Further, in *Sisk v. Sussex County*, the United States District Court for the District of Delaware considered a plaintiff's failure to respond to a motion to dismiss, stating: "the opposing party is negatively impacted, as it . . . has therefore been forced to expend time and energy to respond to a Complaint that has effectively been abandoned." 2013 WL 240606, at *5 (D. Del. Jan. 22, 2013).

In the case at bar, it is clear that Plaintiffs have not abandoned the entirety of their complaint. However, Plaintiffs' failure to respond to Defendants' Motion to Dismiss regarding damages under § 3724(d)(1-2) provides some indicia that the claims for loss of pecuniary benefits and support were abandoned. In responding to the § 3724(d)(5) claim and not others, Plaintiffs likely made a decision to pursue the claim that they thought was most meritorious. As the Court of Chancery found in *Boulden*, it appears that Plaintiffs have conceded the argument that they are not entitled to damages under § 3724(d)(1-2). Accordingly, in light of Plaintiffs' failure to respond to Defendants' claim regarding the loss of pecuniary benefits and support, that part of Defendants' motion is considered unopposed, and Plaintiffs' Complaint with respect to those damages is dismissed. This finding dismisses the claims for damages in the remaining subparagraphs, (h)-(k), of paragraph 18 of Plaintiffs' Complaint, thereby dismissing the Complaint *in toto*.

## D. *Consolidation*

Plaintiffs contend that their action should be combined with Samantha and Christina Dunfee's action under 10 *Del. C.* § 3274(e). As the Court holds that Plaintiffs' Complaint must be dismissed, Plaintiffs' contention that their action should be consolidated with Samantha and Christina Dunfee's action is moot.

## IV. CONCLUSION

Therefore, Defendants' Motion to Dismiss Plaintiffs' Complaint is **GRANTED.**

Plaintiff's Motion to Consolidate is **DENIED AS MOOT.**

Very truly yours,

*Michael R. Cook*

cc: Prothonotary (also N16C-04-108 RRC)

12